NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVELODGE HOTELS, INC., a Delaware Corporation, <br><br> *Plaintiff,* <br><br> v. <br><br> JSK HOSPITALITY, LLC, a Louisiana Limited Liability Company; ANILKUMAR PATEL, an individual; KAVITA A. PATEL, an individual; PUSHPA PATEL, an individual; ASHOK PATEL, an individual; VANDANA A. PATEL, an individual; DIPAK G. PATEL, an individual; KAILASH D. PATEL, also known as KALASH D. PATEL, an individual; KALPESH N. DESAI, an individual; and ALPA K. DESAI, also known as ALPHA K. DESAI, an individual, <br><br> *Defendants.* | Civil No.: 18-cv-4551 (KSH) (CLW) <br><br><br> **OPINION** |

**Katharine S. Hayden, U.S.D.J.**

I. **Introduction**

This matter comes before the Court on the motion (D.E. 10) of plaintiff Travelodge Hotels, Inc. ("Travelodge") for default judgment against entity defendant JSK Hospitality, LLC ("JSK"), and individual defendants Anilkumar Patel, Kavita A. Patel, Pushpa Patel, Ashok Patel, Vandana A. Patel, Dipak G. Patel, Kailash D. Patel, also known as Kalash D. Patel, Kalpesh N. Desai, and Alpa K. Desai, also known as Alpha K. Desai ("individual defendants," and with JSK, "defendants"). Travelodge alleges that JSK breached a franchise agreement governing operation of a Travelodge hotel and that the individual defendants breached their guaranties of that agreement.

II. **Background**

The complaint alleges as follows. Travelodge is a Delaware corporation with a principal

1

place of business in New Jersey. (D.E. 1, Compl. ¶ 1.) Defendants are citizens of, variously, Louisiana and Texas. (*Id.* ¶¶ 2-12.) Travelodge and JSK entered into a franchise agreement in December 2010, whereby JSK would operate a 100-room (later amended to an 89-room) Travelodge hotel in Bossier City, Louisiana. (*Id.* ¶ 17 & Ex. A-B.) The franchise agreement called for JSK to, among other obligations, operate the hotel for a 15-year term, pay various fees (called "Recurring Fees") throughout the life of the agreement, keep accurate books and records, submit monthly reports, and pay interest on past due amounts. (*Id.* ¶¶ 18-22 & Ex. A §§ 3.6, 5, 7, 18.3, Sch. C.) Travelodge reserved the right to audit JSK's books and records, and could terminate the agreement, with notice to JSK, if JSK stopped operating the facility as a Travelodge hotel, in which event JSK would be liable for liquidated damages of $1,000 per authorized guest room. (*Id.* ¶¶ 22-25 & Ex. A §§ 3.6, 4.8, 11.2, 12.1, 18.2.) JSK also consented to personal jurisdiction and venue in this Court for "all cases and controversies" under the franchise agreement or between the parties to the agreement, and the agreement contained a New Jersey choice of law provision. (*Id.* ¶ 14 & Ex. A §§ 17.6.1, 17.6.3.) The number of authorized rooms was reduced from 100 to 89 in a November 2012 amendment. (*Id.* ¶ 17 n.1 & Ex. B).

The individual defendants each guarantied JSK's obligations under the franchise agreement. (*Id.* ¶¶ 27-29 & Ex. C.)[1] In their guaranties, the individual defendants specifically acknowledged the application of Section 17 of the franchise agreement, which includes the consent-to-jurisdiction and New Jersey choice of law provisions discussed above. (*Id.*, Ex. C.)

---

[1] Two of the individual defendants, Anilkumar Patel and Kavita Patel, are not listed as guarantors on the 2012 amendment, but nothing in that amendment purports to vitiate the original guaranties of the franchise agreement. Moreover, the guaranty they signed provides that they "waive notice of amendment of the [franchise] Agreement." (*Id.*, Ex. B & C.)

2

In August 2016, Travelodge sued defendants, alleging that they breached the franchise agreement by failing to pay the required Recurring Fees Travelodge. (*Id.* ¶¶ 30-31.) That action resulted in a final judgment by default, entered on July 28, 2017, against defendants in the amount of $141,840.03, representing the outstanding Recurring Fees owed to Travelodge under the franchise agreement and guaranties through February 21, 2017, together with interest. (*Id.* ¶ 32 & Ex. D.)

On or about October 10, 2017, JSK ceased operating as a Travelodge hotel, leading to the termination of the franchise agreement. (*Id.* ¶ 33 & Ex. A § 11.2.) In a November 3, 2017 letter, Travelodge "acknowledged" this termination and outlined JSK's post-termination obligations under the franchise agreement. (*Id.* ¶ 34 & Ex. E.) It also demanded $89,000 in liquidated damages and payment of recurring and other fees and instructed JSK to "consider th[e] letter to be a notice and demand for payment under any Guaranty of the Agreement, directed to your Guarantors." (*Id.*, Ex. E.)

On March 28, 2018, Travelodge sued JSK and the individual defendants in this Court, invoking federal diversity jurisdiction and asserting claims for an accounting of JSK's revenue from inception through the termination of the franchise agreement (count 1, against JSK); breach of contract for JSK's failure to pay liquidated damages in the amount of $89,000 upon its termination of the franchise agreement (count 2, against JSK); in the alternative to count two, breach of contract, seeking actual damages for premature termination of the agreement (count 3, against JSK); breach of contract, for JSK's failure to remit Recurring Fees (count 4, against JSK); unjust enrichment, also for JSK's failure to remit Recurring Fees (count 5, against JSK); and breach of the guaranty agreements (count 6, against the individual defendants).

Defendants were timely served (D.E. 5-8), and no defendant filed an answer or other response to the complaint. On June 6, 2018, Travelodge requested entry of default (D.E. 9), and the Clerk entered default the following day. On July 26, 2018, Travelodge filed its motion (D.E. 10) for default judgment against defendants, who have filed no opposition. In support of that motion, Travelodge submitted a certification of counsel (D.E. 10-2), and the Affidavit of Suzanne Fenimore, the Senior Director of Contracts Compliance for Travelodge (D.E. 10-3) ("Fenimore Affidavit"). Travelodge initially sought a judgment in the amount of $197,388.41, representing $101,464.76 in liquidated damages (comprising principal plus prejudgment interest) and $95,923.65 in Recurring Fees (purportedly representing principal plus prejudgment interest).

On February 22, 2019, the Court issued an Order to Show Cause, which directed Travelodge to clarify how it reached (a) the prejudgment interest amount it seeks with respect to the liquidated damages figure, and (b) the amount of Recurring Fees it seeks and the interest it claims is due thereon. (D.E. 11.) On March 4, 2019, Travelodge filed a supplemental affidavit signed by Robert Spence, Senior Director of Financial Services for Travelodge, in which it withdrew its request for prejudgment interest on the liquidated damages figure and explained its calculation of the Recurring Fees it seeks. (D.E. 12.) The revised amount Travelodge seeks is $184,923.65, representing $89,000 in liquidated damages (without interest) and $95,923.65 in Recurring Fees, representing (a) $57,976.35 in principal accruing from February 21, 2017 (the cut-off date of the judgment amount in the first action) to October 10, 2017 (when JSK stopped operating as a Travelodge), (b) $10,399.86 in tax and interest, and (c) $27,547.44 in interest on the Recurring Fees that were awarded in the July 2017 judgment and which continued to accrue interest after the entry of that judgment.

4

### III. Legal Standard

The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly-served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (Kugler, J.). Although cases are to be decided on their merits where practicable, whether to grant a motion for default judgment is "largely a matter of judicial discretion." *Id.* In ruling on the motion, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Id.* at 535-36 (citations omitted).

In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (Ackerman, J.) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendants were properly served. *See Baymont Franchise Sys., Inc. v. Shree Hanuman, Inc.*, 2015 WL 1472334, at *2, 3 (D.N.J. Mar. 30, 2015) (McNulty, J.).

### IV. Analysis

The preliminary requirements for entry of default judgment are met here. Based on the parties' complete diversity and the amount in controversy exceeding $75,000, the Court has subject matter jurisdiction. 28 U.S.C. § 1332. Each defendant also consented to personal

5

jurisdiction in this Court. As demonstrated by the proofs of service Travelodge filed, the defendants were duly served. Travelodge served JSK, a limited liability company, via JSK's registered agent. (D.E. 6.) *See* Fed. R. Civ. P. 4(h). Seven of the nine individual defendants were served personally or via a person of suitable age or discretion at what appears from the record to be their dwelling or usual place of abode. (D.E. 5-7.) *See* Fed. R. Civ. P. 4(e)(2)(A)-(B). The remaining defendants, Anilkumar Patel and Kavita Patel, were served by certified mail, return receipt requested, and by regular mail, following diligent efforts at personal service. (D.E. 8.) *See* Fed. R. Civ. P. 4(e)(1); N.J. Ct. R. 4:4-4(b)(1)(C). None of the defendants has ever answered or otherwise responded to the complaint, and default was entered by the Clerk.

Travelodge has also stated a claim for breach of contract against JSK and the individual defendants for breaching the franchise agreement and guaranties, respectively, and no meritorious defense is evident from the record. To state a claim for breach of contract under New Jersey law, a plaintiff must establish that (1) a valid contract exists between the parties, (2) the defendant failed to perform its obligations under that contract, and (3) the plaintiff suffered damages as a result. *Murphy v. Implicito*, 392 N.J. Super 245, 265 (App. Div. 2007). Here, accepting Travelodge's factual allegations as true, defendants had valid contracts—the franchise agreement and guaranties—with Travelodge to, among other obligations, operate a Travelodge hotel for 15 years, pay liquidated damages in the event of a premature termination, and remit various fees throughout the life of the agreement. As demonstrated in the Fenimore Affidavit, JSK breached these agreements by prematurely ceasing to operate the Travelodge hotel, failing to pay the liquidated damages, and failing to remit the required fees. The individual defendants failed to render performance in JSK's stead after it defaulted. These

breaches caused Travelodge damages. Accordingly, Travelodge has stated a claim in counts 2, 4, and 6.[2]

The remaining factors also weigh in favor of granting the requested judgment. Defendants' failure to appear or to file any response to the complaint has prevented Travelodge from prosecuting this action and obtaining relief, to its prejudice. *See Baymont*, 2015 WL 1472334, at *5; *accord Travelodge Hotels, Inc. v. Seaside Hospitality, LLC*, 2016 WL 5899281, at *4 (D.N.J. Oct. 6, 2016) (McNulty, J.). And "[a]bsent any evidence to the contrary, 'the [d]efendant's failure to answer evinces the [d]efendant's culpability'" in the default. *Travelodge*, 2016 WL 5899281, at *4 (quoting *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011)). No such evidence of a reason other than defendants' "willful negligence" is present here. *See id.*

With respect to damages, Travelodge seeks amounts falling into two categories, in the total amount of $184,923.65: (1) $89,000 for liquidated damages, and (2) $95,923.65 in Recurring Fees (consisting of principal and interest). Travelodge's request for liquidated damages is grounded in sections 12.1 and 18.2 of the franchise agreement, which require payment of liquidated damages in the amount of $1,000 per authorized guest room, of which there were 89 here. Travelodge has also submitted documentary evidence for the other component of its damages request, including an itemized statement of Recurring Fees that were

---

[2] Travelodge is not seeking judgment or relief on its claims for an accounting (count 1), actual damages for JSK's premature termination of the franchise agreement (count 3), or unjust enrichment (count 5). It only seeks liquidated damages and outstanding Recurring Fees from JSK (counts 2 and 4) and the individual defendants (count 6). Accordingly, the Court need not evaluate the legal sufficiency of counts 1, 3, or 5, though it does note that Travelodge's unjust enrichment claim is fundamentally inconsistent with its contract claims and that it could not recover under both theories. *See, e.g.*, *Kumon N. Am., Inc. v. Timban*, 2014 WL 2812122, at *9-10 (D.N.J. June 23, 2014) (Kugler, J.). Similarly, count 3 was plead in the alternative to count 2, on which Travelodge seeks to, and by virtue of this ruling, will, be awarded liquidated damages.

7

due and the interest and other fees that accrued on them and the sworn certifications of Travelodge representatives setting forth the basis for the amounts sought. (*See generally* Fenimore Aff. & Ex. F; Spence Aff. & Ex. H; *see also* Compl., Ex. A §§ 7, 18.3, Sch. C). *Accord Baymont*, 2015 WL 1472334, at *6 (relying on similar documentary evidence).

V.      **Conclusion**

For the foregoing reasons, the Court will grant Travelodge's motion (D.E. 10) for default judgment against defendants. An appropriate order and judgment will follow.

|  |  |
|---|---|
| Date: March 8, 2019 | /s/ Katharine S. Hayden<br>Katharine S. Hayden, U.S.D.J |